| | | | |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | AUSA: Thomas Franzinger<br>Special Agent: Sean Killian | Telephone: (313) 226-9774<br>Telephone: (313) 965-2323 | |

# UNITED STATES DISTRICT COURT
for the

### Eastern District of Michigan

| | |
|---|---|
| United States of America<br>v.<br>Aerian PORTER-CRAIG | Case: 2:24−mj−30385<br>Assigned To : Unassigned<br>Assign. Date : 9/6/2024<br>Description: RE: SEALED MATTER (EOB) |

Case No.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 10, 2023__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(c) | Distribution of a Controlled Substance Resulting in Death |

This criminal complaint is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.

_S.K.H._
*Complainant's signature*

Special Agent Sean Killian
*Printed name and title*

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: __September 5, 2024__

City and state: __Detroit, MI__

*Judge's signature*

David. R. Grand, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Sean Killian, being first duly sworn, hereby depose and state as follows:

### Introduction and Agent Background

1.      I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been since April of 2022. I am currently assigned to the FBI Detroit Division's Strike Force Group 1. Prior to working for the FBI, I was a police officer for seven years in Indiana. I have participated in and conducted hundreds of investigations involving federal and state violations including, but not limited to, crimes involving illegal drug trafficking, distribution of illegal narcotics resulting in death, and homicide.

2.      The statements contained in this affidavit are based upon my experience as a former police officer and current FBI Special Agent, information provided by police officers, other Special Agents of the FBI, other law enforcement personnel, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all the information known to law enforcement related to this investigation.

3.      As explained below, there is probable cause to believe that Aerian PORTER-CRAIG (XX/XX/1992) has committed violations of Title 21, United

States Code, Section 841(a)(1) and (b)(1)(c), Distribution of a Controlled Substance Resulting in Death.

## Probable Cause

4. On June 10, 2023, officers with the Grosse Pointe Woods Police Department found an adult male victim (AV-1) and an adult female victim (AV-2) deceased at 10XX Canterbury Street, Grosse Pointe Woods. Officers then found another adult female victim (AV-3) deceased at 14XX Edmundton Street, Grosse Pointe Woods.

5. The bodies of AV-1, AV-2, and AV-3 were transported to the Wayne County Medical Examiner's Office for autopsies. The Medical Examiner determined that AV-1 and AV-2 died from fentanyl toxicity, and that AV-3 died from fentanyl and xylazine toxicity. Xylazine is not a controlled substance. It is used commercially as an animal tranquilizer and is not safe for human consumption. Drug traffickers sometimes add xylazine to fentanyl.

6. In addition to other evidence, I have reviewed the contents of the victims' cell phones and interviewed their friends and co-workers. Agents also executed a search warrant on PORTER-CRAIG's cell phone after it was seized from her in March 2024, and I have reviewed its contents as well. Based on the investigation, there is probable cause to believe that PORTER-CRAIG delivered the drugs to the victims that caused their fatal overdoses.

7. Although their bodies were found on June 10, 2023, investigators believe that the victims died late in the evening on June 9, 2023. Text message conversations show that AV-1, AV-2, AV-3, and another friend had planned to go out to a music show that night at a venue in Detroit, Michigan, but never made it. Outgoing communications on each of the victims' phones abruptly stopped sometime after 11:00 p.m. on June 9, 2023, shortly after PORTER-CRAIG had been to each residence.

8. AV-3 had PORTER-CRAIG's number stored in her phone under the name "Aeriann." Public databases associated PORTER-CRAIG with that phone number, and it was still assigned to her cell phone at the time it was seized in March 2024. Their text message conversations showed that PORTER-CRAIG had previously sold cocaine to AV-3. For example, in May 2023, AV-3 asked PORTER-CRAIG for "1 for 85 and a half for 50", which are amounts and prices consistent with the purchase of cocaine. PORTER-CRAIG replied, "I got you". They also discussed AV-3 paying for drugs through Venmo. AV-3's Venmo account showed that she transferred approximately $1,405 to PORTER-CRAIG's Venmo account between June 29, 2022, and June 3, 2023, in 22 separate transactions. The transactions are all under $100 each. Based on my training and experience, the frequency and amounts of these transactions, particularly in the context of their discussions about drugs, are consistent with the payment for small amounts of

narcotics. There is no record of any Venmo payment during that timeframe from PORTER-CRAIG to AV-3.

9. In a text conversation from June 6, 2023, AV-3 asked PORTER-CRAIG for "a whole one split into two," which means one gram split into two, and stated that she had the money—a "bill"—to pay for it. PORTER-CRAIG replied that she was "at home making it now", which I believe meant she was at her residence cutting and/or packaging the drugs. The messages further indicated that PORTER-CRAIG met up with AV-3 near AV-3's workplace to complete the transaction.

10. On June 9, 2023, PORTER-CRAIG texted AV-3 to let her know that she would have drugs available that evening. AV-3 responded that she was going to a music venue that night and was in a hurry. PORTER-CRAIG assured her that she would be able to bring her some on time. AV-3 later told PORTER-CRAIG that she was home and resent her address at 14XX Edmunton Street. PORTER-CRAIG then texted her "Outside." AV-3 wrote, "I just got out of the shower . . . . Lemme toss something on."

11. This text exchange ended at approximately 10:48 p.m., June 9, 2023. At 11:15 p.m., AV-3 called AV-2 for 1 minute and 25 seconds. After that, there are multiple missed calls and texts from friends, with no replies. This suggests that AV-3 died soon after she called AV-2 and ingested the dose of narcotics that PORTER-CRAIG had delivered.

12. Officers found a plastic straw with white residue and a yellow/pink tray containing white material near AV-3's body. The Michigan State Police Laboratory tested the white material on the tray and found that it contained 4-Anilino-N-phenethylpiperidine, fentanyl, and the possible presence of xylazine and cocaine. The Wayne County Medical Examiner determined that AV-3's death was caused by fentanyl and xylazine toxicity.

13. About 4 hours after PORTER-CRAIG was at AV-3's house, she sent two text messages to AV-3's phone: "Ok", followed by, "You good?" They were not answered.

14. AV-1's phone also had multiple text message exchanges about drugs with the same phone number for PORTER-CRAIG. AV-1 did not save it as a named contact, but the timing and content of those exchanges indicate that he was communicating with PORTER-CRAIG. They also had previous conversations about drugs. For example, on May 10, 2023, PORTER-CRAIG let AV-1 know what kinds of drugs she had for sale by sending a snowflake emoji. From my training and experience, I know that "snow" is a common drug slang term used for cocaine. PORTER-CRAIG agreed to exchange a gram of cocaine for some marijuana from AV-1. She indicated to AV-1 that she was preparing an amount for him and sent a photograph of a digital scale reading "1.14". AV-1 told PORTER-CRAIG that he would pick it up at her house. AV-1 later texted PORTER-CRAIG that the cocaine

was "rocket fuel lol, all compliments." PORTER-CRAIG thanked him and replied that she was "rolling up" the marijuana that he had given her. Later in May 2023, PORTER-CRAIG wrote to AV-1 that she had "gs for the $85", which is again consistent with the price and amount for cocaine.

15.  On June 9, 2023, at 10:50 p.m. AV-1 made a phone call to PORTER-CRAIG that lasted 3 minutes and 21 seconds. There was also a text message conversation between AV-1 and PORTER-CRAIG that began at 11:13 p.m. PORTER-CRAIG let AV-1 know that she was "Outside." A few minutes later, PORTER-CRAIG texted AV-1 that he had given her $125 instead of $100. At 11:41 p.m., AV-1 called PORTER-CRAIG for approximately 1 minute and 50 seconds. This call was the last outgoing communication from his phone. Given the abrupt stop in cell phone activity and the fact that AV-1 did not go out that evening as planned, I believe AV-1 died shortly after the call he placed to PORTER-CRAIG.

16.  AV-2 was at AV-1's house that evening. The last outgoing communication from her phone was at 11:37 p.m. on June 9, 2023. The next day, officers found a blue tray containing a rolled US twenty dollar bill and loose white material next to her body. The Michigan State Police Laboratory tested the white material and found the presence of cocaine, 4-Anilino-N-phenethylpiperidine (ANPP), and fentanyl. The Wayne County Medical Examiner concluded that AV-1 and AV-2 had each died from fentanyl toxicity.

17. About four hours after AV-1's last phone call, PORTER-CRAIG texted his phone and asked, "You good brother?". She then wrote "Call or text me asap." Based on evidence from PORTER-CRAIG's phone, by then she had received a message from another customer at 12:31 a.m. on June 10, 2023, who had used a test strip on the cocaine she had sold him and told her that it was positive for fentanyl.

18. On June 14, 2023, PORTER-CRAIG exchanged text messages with another drug customer about the deaths of the victims, in which PORTER-CRAIG wrote:

> This is why I'm firm on my prices because I pay for y'all to be safe atp it's not even all about the money y'all have become family and this is the very shit I was trying to avoid happening I'm so hurt off this one.

## Conclusion

19. Based on this information, there is probable cause to believe that Aerian PORTER-CRAIG committed violations of Title 21, United States Code, Section 841(a)(1) and (b)(1)(c), Distribution of a Controlled Substance Resulting in Death.

Special Agent Sean Killian
Federal Bureau of Investigation

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
Honorable David. R. Grand
United States Magistrate Judge

September 5, 2024